IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3300 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | |
| ROBERT TURLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Despite previous orders by the court, the plaintiff, James Stafford, failed to appear by telephone at the Rule 16 conference scheduled for May 23, 2005. In addition, the plaintiff failed to notify the court of the telephone number where he could be reached, and the court and counsel for the defendant have been unable to reach the plaintiff.

### Sanctions

The Federal Rules of Civil Procedure provide for the imposition of sanctions if a party fails to comply with an order of the court, frustrates and impedes discovery, or otherwise wilfully ignores his or her obligations under the court's rules. "Pro se litigants are not excused from complying with court orders or substantive and procedural law." Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988), cert. denied, 493 U.S. 820 (1989).

**Fed. R. Civ. P. 16(f)** authorizes sanctions "[i]If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith...." In such circumstances, "the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in **Rule 37(b)(2)(B), (C), (D)**[1]. In lieu of or in addition to any other sanction, the

---

[1] **Fed. R. Civ. P. 37(b)(2)** sets forth an array of possible sanctions if a party "fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under Rule 26(f)." Such sanctions include:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party;

judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Id.

(Emphasis added.)

>Similarly, **Fed. R. Civ. P. 41(b)** states:
>
>Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute *or to comply with these rules or any order of court,* a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

(Emphasis added.)

Therefore, the plaintiff shall have until **June 10, 2005**, to show cause by filing a written "Response to Order to Show Cause" addressing why this litigation should not be dismissed. In the absence of a timely and sufficient Response to Order to Show Cause, the plaintiff's complaint and this action may be subject, without further notice, to dismissal without prejudice.

SO ORDERED.

DATED this 24th day of May, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

---

>(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination....

(Emphasis added.)

2