IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES STAFFORD, ) | |
| ) | |
| Plaintiff, ) | 4:03cv3300 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT TURLEY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on filing no. 37, the Motion to Dismiss and for Sanctions filed by the defendant, Robert Turley. The plaintiff, James Stafford , a resident of North Carolina, brought this action on August 11, 2003, to recover for injuries suffered in an automobile collision allegedly caused by the defendant's negligence. In January of 2005 (filing no. 27), the plaintiff's attorney withdrew from the case, and the plaintiff thereafter proceeded pro se.

Magistrate Judge F. A. Gossett scheduled a planning conference to be held by telephone on May 23, 2005 (filing no. 30), and he directed the plaintiff to contact the court or opposing counsel to advise of a telephone number where the plaintiff would be available to receive the conference call. In filing no. 30, Magistrate Judge Gossett advised the plaintiff that "failure to comply with an order of the court or to fulfill the plaintiff's responsibilities under the Federal Rules of Civil Procedure may cause this case to be subject to dismissal for lack of prosecution."

The plaintiff did not notify the court or opposing counsel of a telephone number where he could be reached, and he did not appear at the planning conference (filing no. 31). Therefore, Magistrate Judge Gossett issued an Order to Show Cause (filing no. 32) giving the plaintiff until June 10, 2005, to show cause in writing why this litigation should not be dismissed for failure to comply with an order of the court, frustrating and impeding discovery, and otherwise wilfully ignoring the plaintiff's obligations under the court's rules. See Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2) and/or Fed. R. Civ. P. 41(b).

The court's records (filing no. 33) indicate that the plaintiff then telephoned

Magistrate Judge Gossett's chambers and explained that he cannot read or write, and that he must wait for his niece to read documents to him.  Mr. Stafford provided his telephone number.  Magistrate Judge Gossett accepted that explanation as a sufficient showing of cause why the case should not be dismissed.  In filing no. 33, Magistrate Judge Gossett set a telephone hearing for July 14, 2005, and included the following warning:  "[I]f, prior to the telephone conference, the plaintiff's telephone number changes or the plaintiff will not be available at the scheduled date and time to participate in the conference call, the plaintiff must notify defendant's counsel and the court at least one business day in advance of the conference call; failure to comply with that requirement may subject the plaintiff to dismissal of the above-entitled case for failure to prosecute the action with diligence."

The parties appeared by telephone on July 14, 2005.  The minutes of the conference (filing no. 34) indicate that a discussion occurred regarding setting the plaintiff's deposition for August 10, 2005 at 2:00 p.m. (location unspecified in the minutes).  However, the defendant did not subsequently file a Notice of Deposition, and the court's Order (filing no. 35) after the telephone conference on July 14, 2005 stated, regarding the deposition, only that:  "For the purposes of scheduling the plaintiff's deposition, the Rule 16 planning conference is continued to August 22, 2005 at 2:00 p.m., before the undersigned magistrate judge ...."

Later, Magistrate Judge Gossett further continued the planning conference to September 8, 2005 (filing no. 36).  The plaintiff did not appear on September 8th as directed (filing no. 40).

In his Motion to Dismiss and for Sanctions, the defendant seeks attorney's fees, expenses of the August 10, 2005 deposition and dismissal of the above-entitled case with prejudice as sanctions pursuant to Fed. R. Civ. P. 37 for the plaintiff's failure to appear at the deposition and to cooperate in discovery.  An affidavit accompanies the motion, but no brief.

I find that the record clearly indicates a failure by the plaintiff to prosecute this case with diligence after the withdrawal of his attorney in January of 2005.   NECivR 41.1 states in pertinent part: "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."  I also find that the

plaintiff received multiple warnings concerning the possibility of dismissal if he failed to appear at conferences or otherwise comply with orders of the court. However, in this case, I consider dismissal, without prejudice,[1] a sufficient sanction. In addition, given the ambiguity in the record concerning the scheduling of the deposition and the absence of a formal Notice of Deposition or court order, I decline to impose monetary sanctions for the plaintiff's failure to attend the deposition on August 10, 2005.

THEREFORE, IT IS ORDERED:

1. That filing no. 37, the Motion to Dismiss and for Sanctions filed by the defendant, Robert Turley, is granted in part and denied in part, as follows:

    a. That this case and the plaintiff's complaint are dismissed without prejudice for lack of prosecution;

    b. That the defendant's request for monetary sanctions is denied; and

2. That a separate judgment will be entered accordingly.

October 11, 2005.                    BY THE COURT:

                                          /s Richard G. Kopf
                                          United States District Judge

---

[1] A dismissal without prejudice is subject, of course, to any applicable statute of limitations.